UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
LONG ISLAND DIVISION

| | |
|---|---|
| **ELIZABETH DIGIOVANNA,**<br><br>Plaintiff,<br><br>vs.<br><br>**PERFORMANT RECOVERY, INC.; and DOES 1 through 10 inclusive,**<br><br>Defendant. | **Civil Action No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

### I.  INTRODUCTION

1. This is an action for statutory damages brought by Plaintiff, Elizabeth DiGiovanna, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here.

1

### III.  PARTIES

3. Plaintiff, Elizabeth DiGiovanna, is a natural person with a permanent residence in Wantagh, Nassau County, New York 11793.

4. Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is private loan.

7. On or about May 10, 2013, Defendant calling from phone number 800-927-7667, in connection with the collection of the alleged debt, spoke to Plaintiff at her place of employment on phone number 516-384-7413 and was

informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer and that they should call her after 4:30pm when she would be done working. Thereafter until May 16, 2013, the Defendant continued to call Plaintiff at her work number.

8. On or about May 10, 2013 and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, called Plaintiff at phone number 516-384-7413 and demanded payment on the alleged debt without also informing Plaintiff that Plaintiff could dispute the validity of the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

9. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

10. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by trying to communicate with Plaintiff at his place of work after being told to cease.

///

///

///

## V.   FIRST CLAIM FOR RELIEF

11.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

12.   Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

>   (a)   Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and
>
>   (b)   Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and
>
>   (c)   Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

13.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Elizabeth DiGiovanna, for statutory damages, and costs and attorney fees.

## VI.   SECOND CLAIM FOR RELIEF

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY CLS GBL § 349.

17. Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY CLS GBL § 349.

18. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendants.

19. By virtue of the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from the unlawful acts and practices. NY CLS GBL § 349(h).

20. By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, or fifty dollars ($50.00) whichever is greater together with reasonable attorney fees. NY CLS GBL § 349(h).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

  A. Statutory damages.

  B. Costs and reasonable attorney fees.

  C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

  D. For such other and further relief as the Court may deem just and proper.

///

///

///

///

///

///

///

///

///

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Elizabeth DiGiovanna, demands trial by jury in this action.

Dated: December 16, 2013         RESPECTFULLY SUBMITTED,


By: /s/Shireen Hormozdi
Shireen Hormozdi (Bar No. 93993)
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Tel: 323-988-2400 x267
Fax: 866-929-2434
shireen@hormozdilaw.com
*Counsel for Plaintiff,*
*Elizabeth DiGiovanna*